STATE of Vermont v. Lynn CHURCH

[708 A.2d 1341]

No. 96-351

January 21, 1998. Defendant was charged with one count of sexual assault on a minor (13 V.S.A. § 3252(b)(1)) and one count of lewd and lascivious contact with a minor (13 V.S.A. § 2602) for acts alleged to have occurred with his daughter. He appeals from the jury's guilty verdict, and we affirm.

The acts in question were alleged to have occurred with defendant's daughter S.C., when she was between twelve and fourteen years old. Prior to trial, the court granted defendant's motion to suppress evidence of defendant's alleged sexual acts with another daughter, J.C.

Defendant raises three issues on appeal. Defendant argues first that the in-

formation was insufficient to charge the offense because it omitted an essential element of the offense — the words "with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of such person or of such child." However, the information was amended during trial in order to add the missing element, as allowed by V.R.Cr.P. 7(d) "[i]f *no additional or different offense is* charged and if substantial rights of the defendant are not prejudiced." The amendment in question did not result in an additional or different offense being charged. Since defendant's brief does not acknowledge the amended *information,* defendant has not pointed to substantial rights that might have been prejudiced by the amendment. Nor does the record suggest that any such rights were involved. Defendant was aware of the nature of the charges and has never argued the contrary.

Defendant next argues that the testimony of Carolyn Belleview should not have been admitted, since it did not qualify as a prior consistent statement under V.R.E. 801(d)(1)(B), both because the statement by the witness was not "shown to have been made prior to the time that the supposed motive to falsify arose," citing *State v. Carter,* 164 Vt. 545, 549, 674 A.2d 1258, 1262 (1996), and because evidence should not be admitted under V.R.E. 801(d)(1)(B) to enhance the credibility of the witness.

During its case, defendant presented testimony that S.C. had recanted her allegations against defendant during a conversation with an acquaintance. After the defense closed its case, the State offered the testimony of Carolyn Belleview, who would testify that S.C. told her that she had been sexually molested by her father. This testimony was offered to rehabilitate S.C. as a witness following testimony about S.C.'s alleged recantation. The court allowed the Belleview testimony as "relevant toward the credi-

bility of the witness as a balance to the inconsistency."

Defendant argues that the Belleview testimony did not fit the requirements of V.R.E. 801(d)(1)(B), since the statements made by S.C. to the witness cannot be said to have been made "prior to the time that the motive to falsify arose" and hence fail under that rule. We need not resolve this issue. S.C.'s statements to the witness were not offered as nonhearsay under the rule; they were offered and admitted to rehabilitate the witness.

V.R.E. 801(d)(1)(B) does not govern the admissibility of prior consistent statements to rehabilitate a witness; it "merely allow[s] a certain subset of these statements to be used as substantive evidence of the truth of the matter asserted." *United States v. Ellis,* 121 F.3d 908, 919 (4th Cir. 1997), *cert. denied,* 522 U.S. 1068, 118 S. Ct. 738 (1998); see also *United States v. Rubin,* 609 F.2d 51, 69 (2d Cir. 1979) (Friendly, J., concurring) (Fed. R. Evid. 801(d)(1)(B) "simply does not deal with the extent to which prior consistent statements may be used for rehabilitation"). Accordingly, defendant's assertion that V.R.E. 801(d)(1)(B) provides the only possible basis for allowing hearsay evidence to bolster a witness's credibility is incorrect.

When offered to rehabilitate a witness, a prior consistent statement is admissible when it has "'some rebutting force beyond the mere fact that the witness has repeated on a prior occasion a statement consistent with his trial testimony.'" *Ellis,* 121 F.3d at 920. Admitting such statements allows the jury to determine to what extent the impeaching statements were inconsistent with the remainder of the witness's testimony, or if they were inconsistent at all. See *id.* This rationale applies with particular force in cases where the complaining witness is a child and where the issue of credibility is especially acute. In the instant case, the trial court allowed brief testimony that S.C.

had disclosed acts of sexual molestation by her father, following testimony that tended to impeach her credibility. Moreover, S.C. herself had raised the topic of her conversation with witness Belleview, and the latter's testimony did not come as a surprise to the jury. There was no error.

Finally, defendant argues that the court erred in denying his mistrial motion, based on the testimony of defendant's wife in which another daughter was mentioned. Defendant argues that the State deliberately elicited this evidence. There is no indication that the State did so, and more importantly, no showing of prejudice.

During trial defendant's wife testified as to statements defendant had made to her, including a statement by defendant that he did not touch his other daughter. Defendant argues that the very mention of his other daughter created the impression that he had been accused of molesting this daughter as well as S.C. The court regarded the connection between defendant's statement and the possibility of an additional accusation as tenuous. Defendant declined a cautionary instruction, apparently heeding the court's warning that such instruction might suggest the possibility of additional charges, when the testimony by itself might not do so. It would have been natural for a father accused of molesting one daughter to try to assure his wife that he did not molest another daughter, irrespective of any accusations with respect to the second daughter. The more important point is that the brief, single, and oblique reference to J.C. was at most ambiguous, and the court was in the best position to gauge its impact on the jury. The court was well within its discretion in denying the mistrial motion.

*Affirmed.*